Marcus C. Christ, J.
Cale Creations, Inc. was a ‘ ‘ company member” of the Esquire Club which describes itself as an ‘ ‘ international credit and courtesy plan. ’ ’ The club membership entitles members and persons designated by members to charge meals and services furnished by restaurants, hotels, shops and certain other establishments which have agreed to honor Esquire Club membership cards. The membership card called a “ credit identification card ” is the front cover page of a booklet containing, on the inside of such front cover, the “ Membership Regulations ” and on subsequent pages the listings of establishments where the card would be honored.
The defendant, Sol Kass, was an employee of Cale Creations, Inc., and he was furnished with a credit identification card thereby making him a “ designated card holder.” The' signature of Kass appeared on the front cover of his credit identification card and below his signature appeared the following printed words: “ Subject to terms on inside front cover. Please sign all charges with your name and account number.”
Inside the front cover were printed the “ Membership Regulations ” including the following pertinent paragraph: “ 3. Company Member agrees to pay for all charges incurred by its designated card holders and each of the' card holders agrees to pay the charges incurred by him, and they agree to accept all drafts drawn on them for charges incurred by or in their behalf. This responsibility shall exist until expiration date, or until the card is returned to the Esquire Club, or until written notice of its loss or theft is received.”
Kass used his Esquire Club card at restaurants and other establishments for food, liquors, flowers and services. When obtaining such items he signed his name and caused the number of his credit identification card to be written on charge slips at such restaurants and establishments. Thereafter, a paper called an ‘1 Esquire Club Draft ’ ’ was signed by the supplier of the goods or services and forwarded to the Esquire Club. These Club Drafts were then negotiated to the plaintiff bank *282 and it is now the owner and holder of 26 of such Esquire Club Drafts. Thereafter, the plaintiff bank photographed such Esquire Club Drafts and mailed the originals to Kass at the address he had given on the charge slips signed by him when he obtained the meals, goods or services. The following is a specimen of the Esquire Club Drafts involved in this action:

The complaint is based upon the theory that these Esquire Club Drafts were drafts (bills of exchange) within the meaning of the Negotiable Instruments Law, i.e., an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer (Negotiable Instruments Law, § 210). It is further claimed by the plaintiff that such drafts were accepted by Kass but that when they were presented for payment Kass failed to pay the amount due thereunder.
The drafts were by these terms payable ‘ ‘ elsewhere than at the residence or place of business of the drawee ” and presentment for acceptance, unless waived or otherwise made *283 unnecessary, was required (Negotiable Instruments Law, § 240, subd. 3). The plaintiff’s theory is that when these drafts were mailed to Kass at the address given by him presentment for acceptance was achieved. It is questionable whether such mode of presentment for acceptance would be sufficient in the absence of other factors (see Beutel, Brannan’s Negotiable Instruments Law [7th ed.], Commissioners’ Note “ (e) ”, p. 187). However, this difficulty is overcome by the fact that Kass received, subscribed, retained and used the credit identification card. He is charged with notice of the conditions printed on the reverse side of such card. By his retention and use of such card he assented to the terms on which it was issued to him: (1) that as a designated card holder he agreed to pay the charges incurred by him, and (2) that he would accept all drafts drawn on him for charges incurred by him. His promise to accept drafts drawn on him was equivalent to acceptance and thereby rendered presentment for acceptance in strict compliance with the statute unnecessary. The drafts were, however, sent by mail to Kass by the plaintiff, some at his business address and some at his residence adddress. Although Kass denies ever receiving them, the proof establishes that they were sent by regular mail to the addresses Kass gave on the charge tickets he signed. None was returned except the last. The court finds that the presumption of receipt of such mailed papers has not been rebutted by Kass’ testimony. In accordance with his agreement Kass is found to have accepted the drafts and to be liable for them.
It appeared on the trial that Gale Creations, Inc. failed. This is a matter between Kass and the defunct corporation. Had Kass not specifically agreed to be liable personally for the obligations he incurred, since he asserts they were incurred on company business, the result here might well have been different. He is held because when he signed and used the card he is deemed to have known and accepted the conditions which were printed on it.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Judgment is granted in favor of the plaintiff and against the defendant, Sol Kass, in the sum of $632.09 with interest from April 28, 1956, together with costs and disbursements, and the clerk is directed to enter judgment accordingly.