Socony Mobil Oil Co., Inc., Appellant, *v.* Murray W. Greif, Respondent.

Third Department, March 18, 1960.

*Nathan H. Richman* for appellant.

*Arthur Steinberg* for respondent.

Gibson, J. Plaintiff appeals from an order which denied its motion for summary judgment in an action to recover the price of gasoline and other products purchased at one or more of plaintiff's service stations by defendant's wife, by use of a credit card issued to defendant.

Plaintiff issued two such cards to defendant who gave one of them to his wife from whom he became separated in June, 1958 and was subsequently divorced. The amounts sued for appear on a statement which is undated and unitemized except as it

shows what is apparently intended to be a monthly total of charges for each month from July through October, 1958. Defendant's demand for a bill of particulars has not been complied with.

Defendant states in his answering affidavit that by his letter of July 2, 1958 (which is not in the record but concededly was received and was, in fact, acknowledged by plaintiff's letter of July 7, 1958) he notified plaintiff "that I was cancelling my credit account and surrendered my credit card, advising the plaintiff that due to marital difficulties with my wife I was unable to return the credit card in her possession." Correspondence between the parties ensued and by letter of October 14, 1958 plaintiff advised defendant that its local representative had recovered the other credit card from defendant's wife and that "we are now in a position to cancel the account completely." As has been noted, plaintiff continued to extend credit for some months after receipt of defendant's letter of July 2, 1958 although, according to defendant's affidavit, all purchases by his wife were made at plaintiff's only station in Westport, Connecticut, where the wife resided. The amounts of the purchases made prior to receipt of the letter are not clearly demonstrated.

The credit card provided: " This card is valid unless expired or revoked. Named holder's approval of all purchases is presumed unless written notice of loss or theft is received." In its brief, plaintiff concedes that the card could be " revoked " by either party but asserts that " it was incumbent upon [defendant] to surrender both cards for revocation, for otherwise ' the holder ' would obtain the benefit of the card and the ' named holder ' would not be responsible therefor." Plaintiff relies on the decision of the Texas Court of Civil Appeals in *Magnolia Petroleum Co.* v. *McMillan* (168 S. W. 2d 881) but there the credit card provided that the " named holder shall be responsible for all purchases made by use of this card, *prior to its surrender to the issuing company* "; and, similarly, in *Franklin Nat. Bank* v. *Kass* (19 Misc 2d 280, 281), also cited by appellant, the card provided that " responsibility shall exist until expiration date, *or until the card is returned* ". (Emphasis supplied.)

Plaintiff's contention as to the necessity of the surrender of both cards has no support in any of the contract provisions and there seems to us no sufficient basis for inferring such a condition. The card or cards did not, of course, constitute the account but served merely to evidence it. It is interesting to note, parenthetically, that, under the provisions above quoted, defendant

would not be liable for purchases made after notice of loss or theft of the card and if he was in fact unable to obtain the card from his estranged wife, the result was not greatly different. Indeed the plaintiff's situation was no worse than in the case of a loss or theft but probably considerably better since it knew the whereabouts of the card and of the holder.

The order should be affirmed, with $10 costs.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Order affirmed, with $10 costs.