## MAGNOLIA PETROLEUM CO. v. McMILLAN.
### No. 9297.

Court of Civil Appeals of Texas. Austin.

Feb. 17, 1943.

Walace Hawkins, Earl A. Brown, and Chas. B. Wallace, all of Dallas, for appellant.

No briefs filed for appellee.

BLAIR, Justice.

Appellant, Magnolia Petroleum Company, sued appellee, A. W. McMillan, upon a written contract, itemized and verified account, and a debt evidenced by written instruments for $431.64, which debt arose out of the use of appellant's "credit card" or "courtesy card" issued to and accepted by appellee. The trial without a jury upon an agreed statement of facts resulted in judgment for appellee; hence this appeal.

The agreed facts show that the credit or courtesy card was issued to and accepted by appellee on December 1, 1940. By it appellant extended appellee credit to purchase from appellant's authorized dealers in Texas, and several other states and in Canada gasoline, oil, tires, tubes, and automobile accessories as sold to retail trade by such dealers. It named appellee, "A. W. McMillan, 39 N. Chadbourne, San Angelo, Texas," as holder, and provided as follows:

"The named holder shall be responsible for all purchases made by use of this card, prior to its surrender to the issuing company, whether or not such purchases are made by the named holder or into the car described.

"The holder shall present this card and sign for each delivery.

"Payment for all purchases made hereby is due on or before the 15th of the month following purchases and shall be made to the issuing company. This card is not transferable and its retention shall be construed as an acceptance of all provisions hereof."

Appellee loaned the credit card to S. H. Clark and M. A. Carter, who made 26 purchases thereon from December 23, 1940, to January 30, 1941, being the first 26 items on the verified account, from various authorized dealers of appellant, which aggregated $46.57, and which appellee stipulated were for his use and benefit, and paid appellant that amount. During that period and until March 4, 1941, Clark and Carter made numerous other purchases on the credit card, which aggregated the $431.64 sued for herein. Each purchase was on a written sales ticket of the dealers, and showed the sales to "A. W. McMillan, 39 Chadbourne, San Angelo, Texas," and each was signed "A. W. McMillan" by "M. A. Carter," or "C. H. Clark," depending on who made the purchase; it being stipulated that of the $431.64 sued for M. A. Carter made purchases aggregating $406.55 on the credit card. The sales tickets are the basis of the itemized and verified account, and were duly assigned to appellant by its various authorized dealers as contemplated by the credit card agreement with appellee.

■■ Appellee having agreed that the credit card was issued to and accepted by him he became liable for the debt or account sued for under the rule stated in 10 Tex.Jur., p. 265, as follows: "When a contract between two parties is reduced to writing and signed by one of them and accepted though not signed by the other, it becomes in contemplation of law a written contract, and is binding on both of them."

The cases there cited in footnotes 14 and 15 sustain the text.

The only defense urged by appellee is stated in the agreed facts as follows: "That said M. A. Carter, after receiving the loan of said courtesy card or credit card, made a few purchases for which A. W. McMillan received the use and benefit; but thereafterwards M. A. Carter appropriated said card to his own use and benefit and purchased goods, wares and merchandise by virtue of said card to the extent of $406.55, for all of which A. W. McMillan received no use or benefit. The purchase of said goods, wares and merchandise in the sum of $406.55 being after A. W. McMillan had instructed and ordered the said M. A. Carter to return said card to him."

These facts furnish no defense to the liability of appellee for the debt. He did not notify appellant that Carter had been instructed and ordered to return the credit card which appellee had loaned him. Nor did he offer to surrender the card which Carter had appropriated for his own use and benefit. Appellee had obligated himself to "be responsible for all purchases made by the use of the card, prior to its surrender to the issuing company, whether or not such purchases are made by the named holder or into the car described." No car was described in the credit card.

The judgment of the trial court is reversed and judgment is here rendered for appellant in the amount of the debt sued for and for all costs in this behalf expended.

Reversed and rendered.