42069.   READ v. GULF OIL CORPORATION.

HALL, Judge. The trial of this action on an account against the holder of a credit card resulted in a verdict for the defendant. The trial court granted the plaintiff's motion for new trial on both the general and several special grounds. The defendant enumerates as error the overruling of her motion for a directed verdict and the granting of the plaintiff's motion for new trial.

The charges on the account were for products purchased by a person other than the holder upon presentation of the card, which had been lost or stolen. The following was printed on the back of the credit card: "Acceptance by the party named on the front [the holder] implies responsibility for all service and merchandise obtained thereby. Loss or theft hereof must be reported in writing immediately to avoid responsibility for unauthorized use." The evidence showed that the defendant had made application to the plaintiff for the card and had used it before the unauthorized purchases were made.

"The use of credit cards has become a way of life to millions of Americans . . . The ease with which a credit card can be obtained and the ease with which these cards are honored present some risks. . . Every major credit card plan imposes liability for . . . unauthorized purchases on the holder . . . This liability normally lasts until the issuer has received notice of loss or theft from the holder. . . When there is no evidence of negligence on the part of any of the parties, the courts should enforce the terms of the contract in accordance with normal contract principles . . . Should the courts not take this position . . . the credit card will no longer be a convenience to the issuer and merchant, and the commercial world will lose one of its greatest innovations." The Lost Credit Card: The Liability of the Parties, 30 Albany L. Rev. 79. See also Credit Cards—Liability of Holder for Unauthorized Use—Issuer's and Merchant's Duty of Due Care in Accepting Charges, 43 N.C. L. Rev. 416.

The question whether the unauthorized use provisions of credit cards are binding on the holder has not been decided in Georgia. See *Kane v. Standard Oil Co.*, 108 Ga. App. 602, 604, fn. 1 (133 SE2d 913).

We hold that a contract was effected in this case "when the plaintiff issued its credit card to the defendant to be accepted by [her] in accordance with the terms and conditions therein set forth, or at [her] option to be rejected by [her]. Such rejection need take the form of returning the card, or simply its non-use. The issuance of the card to the defendant amounted to a mere offer on plaintiff's part, and the contract became entire when defendant retained the card and thereafter made use of it. The card itself then constituted a formal and binding contract." Texaco, Inc. v. Goldstein, 229 N.Y.S. 2d 51, 54 (34 Misc. 2d 751); Magnolia Petroleum Co. v. McMillan (Tex. Civ. App. 1943) 168 S. W. 2d 881.

It is never error to refuse to direct a verdict.[1]  *Guest v. Baldwin,* 104 Ga. App. 809 (3) (123 SE2d 194).  Nor will the first grant of a new trial on the general grounds be disturbed by an appellate court unless it be shown that the trial court abused its discretion and that the law and facts required the verdict notwithstanding the judgment of the trial court.  *Dunn v. Gilbert,* 217 Ga. 358 (122 SE2d 93).  However, the uncontradicted testimony of the defendant shows that she gave the plaintiff written notice in the fall of 1963 to cancel the credit card which is the subject of this suit.

The account sued upon was for charges made in December 1963 and January, February, and March 1964, subsequent to the written notice the defendant testified she gave in the fall of 1963.  The uncontradicted evidence that the defendant gave the plaintiff notice to cancel the credit card at a time earlier than any of the charges required the verdict and judgment for the defendant.  *Lankford v. Holton,* 187 Ga. 94, 102 (200 SE 243); *Otwell Motor Co. v. Hill,* 79 Ga. App. 686, 690 (54 SE2d 765); *Cummings v. State,* 84 Ga. App. 698, 700 (67 SE2d 156); *Planters Rural Tel. Co-op. v. Chance,* 108 Ga. App. 146, 147 (132 SE2d 90).

The trial court erred in granting the plaintiff's motion for new trial.

*Judgment reversed.  Nichols, P. J., and Deen, J., concur.*

ARGUED JUNE 8, 1966—DECIDED JULY 1, 1966.

*Thomas W. Elliott,* for appellant.

*Weekes & Candler, John Wesley Weekes, John C. Lee,* for appellee.

---

[1] This case was tried in 1965 prior to Ga. L. 1966, pp. 493, 495.