## A05A1808. RAINIER HOLDINGS, INC. et al. v. TATUM.
(622 SE2d 86)

BLACKBURN, Presiding Judge.

In this action seeking a writ of possession for collateral on a promissory note, Rainier Holdings, Inc. ("Rainier"), Ruby Nell Tatum, and W. L. Tatum appeal the trial court's grant of summary judgment to Hayne Tatum and entry of default judgment as to Ruby Nell and Rainier. They contend that default was entered in error and issues of material fact preclude summary judgment. We affirm in part and reverse in part.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the record shows that Ruby Nell, as president of Rainier, signed a promissory note obligating Rainier to pay Hayne Tatum $90,000. The note listed various equipment as collateral, including poultry hatching equipment and two generators. Nothing in the terms of the note addressed oral modification or cancellation. Two years after the note became due, W. L. Tatum, a principal in Rainier, made one payment of $18,000 to Hayne, but the rest of the note remained unsatisfied.

At deposition, W. L. stated that Hayne subsequently orally agreed to an arrangement to satisfy Rainier's remaining debt whereby Hayne would be authorized to sell the poultry equipment for $70,000, W. L. would personally pay Hayne $4,500, and Hayne would cancel the note. Some time later, Hayne informed W. L. that he had found a buyer for the poultry equipment and requested that W. L. pay him $4,500. W. L. refused, insisting that Hayne provide him proof of the amount for which the equipment would be sold. Hayne declined. After a separate lawsuit resulting in a sale of the poultry equipment and in the money received being put into escrow, Hayne filed this action for a writ of possession as to the generators which remained as collateral on the note.

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

1. Rainier and Ruby Nell contend that the trial court erred in striking their answer and entering default judgment against them. Although Hayne concedes this point on appeal, we agree only in part.

W. L., a principal in Rainier who is not licensed to practice law, originally filed a timely answer on behalf of himself, Rainier, and Ruby Nell. After Hayne filed a motion to strike the answer with respect to Rainier and Ruby Nell, their attorney filed an entry of appearance and an answer on their behalf four months after the original answer was filed. An answer filed by a corporation's nonattorney principal on behalf of the corporation is a defect curable by a properly filed amended answer, with such amendment relating back to the date of the original answer pursuant to OCGA § 9-11-15 (c). *Peachtree Plastics v. Verhine.*[2] Therefore, the trial court erred in striking the answer as to Rainier and entering a default judgment against it.

> This same analysis does not apply to [Ruby Nell], however. Under OCGA § 9-11-11 (a), pleadings on behalf of a party who is represented by an attorney must be signed by that attorney. A party who is not represented by an attorney must sign his own pleading. Because [Ruby Nell] failed to sign the [original] answer or have an attorney file an answer on [her] behalf within 30 days of service, [she] was in default as a matter of law.

(Citation omitted.) *Associated Doctors of Warner Robins v. U. S. Foodservice of Atlanta.*[3] Therefore the trial court did not err in striking Ruby Nell's answer and entering default judgment against her.

2. Appellants also contend that the trial court erred in granting Hayne's motion for summary judgment, because issues of fact exist as to whether a novation was created, which extinguished Hayne's interest in the generators as collateral under the note. We agree.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins.*[4] Viewed in this light, W. L.'s deposition testimony that he and Hayne agreed to an arrangement to satisfy

---

[2] *Peachtree Plastics v. Verhine*, 242 Ga. App. 21, 22 (528 SE2d 837) (2000).

[3] *Associated Doctors of Warner Robins v. U. S. Foodservice of Atlanta*, 250 Ga. App. 878, 879 (2) (553 SE2d 310) (2001).

[4] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Rainier's debt raises issues of fact as to whether a novation was created by the arrangement he discussed with Hayne.

"In every novation there are four essential requisites: (1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one." (Punctuation omitted.) *Savannah Bank &c. Co. v. Wolff.*[5] By the terms of the note, W. L. was not personally obligated to pay Hayne. Therefore, in light of W. L.'s uncontradicted testimony that Hayne agreed to the subsequent arrangement including W. L.'s promise to pay $4,500, issues of fact exist as to whether the parties agreed to a new contract adding W. L. as a new party to the agreement, with the new consideration being W. L.'s personal obligation to pay Hayne $4,500 (and Hayne's ability to sell the poultry equipment without first foreclosing thereon) in exchange for Hayne's agreement to forego foreclosure on the remaining collateral once the agreed upon collateral had been sold. See *Hayes v. Alexander*[6] ("[a]ny benefit accruing to the one who makes the promise, or any loss, trouble, or disadvantage undergone by . . . the one to whom the promise is made, is sufficient consideration").

"[T]he question of the parties' mutual intention for an accord and satisfaction or novation is ordinarily a question of fact reserved for jury determination. And parol evidence is admissible when determining whether a novation has occurred." (Citation and punctuation omitted.) *Georgialina Enterprises v. Frakes.*[7] See OCGA § 24-6-6. *Wilder v. Fed. Land Bank of Columbia,*[8] cited by the trial court, is inapplicable here as it addresses parol evidence of an oral agreement offered to vary the terms of a contemporaneously executed written instrument. Similarly, *Crooker v. Hamilton,*[9] also cited by the trial court, does not apply because it dealt specifically with a contemporaneous oral covenant not to sue on a written instrument. Therefore, as the evidence of novation was admissible, the court erred in finding that there were no issues of material fact.

*Judgment affirmed in part and reversed in part. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 17, 2005.

---

[5] *Savannah Bank &c. Co. v. Wolff,* 191 Ga. 111, 120 (4) (11 SE2d 766) (1940).
[6] *Hayes v. Alexander,* 264 Ga. App. 815, 818 (1) (592 SE2d 465) (2003).
[7] *Georgialina Enterprises v. Frakes,* 250 Ga. App. 250, 254 (551 SE2d 95) (2001).
[8] *Wilder v. Fed. Land Bank of Columbia,* 176 Ga. 813, 814-815 (1) (169 SE 13) (1933).
[9] *Crooker v. Hamilton,* 3 Ga. App. 190, 193 (59 SE 722) (1907).

*Cummings, Kelley & Bishop, Charles N. Kelley, Jr.*, for appellants.

*Stewart, Melvin & Frost, Frank Armstrong III*, for appellee.