A05A2147. DAVIS v. DISCOVER BANK.
(627 SE2d 819)

BARNES, Judge.

Charles Davis appeals the trial court's grant of summary judgment to Discover Bank on its suit against him for a credit card debt, arguing that Discover failed to submit evidence that he had ever signed a credit application. For the reasons that follow, we affirm the trial court.

On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Preferred Real Estate Equities v. Housing Systems*, 248 Ga. App. 745 (548 SE2d 646) (2001). Further, when ruling on a motion for summary judgment, a court must give the opposing party the benefit of all reasonable doubt, and the evidence and all inferences and conclusions therefrom must be construed most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). On motions for summary judgment, however, courts cannot resolve the facts or reconcile the issues. *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City, Inc.*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

Discover sued Davis for the unpaid balance on a credit card, $7,218.43, plus pre-judgment interest and attorney fees. Attached to the complaint was the affidavit of Discover's "legal placement account manager," who verified that he had control and access to the records pertaining to this account, which were kept in the normal course of business. The manager further verified that the cardmember agreement and terms attached to the affidavit were sent to all cardmembers. That agreement provided that "the use of your account or a card by you or an authorized user . . . means you accept this agreement."

Finally the manager verified that the attached statement of account showing the balance due was true and correct.

Following discovery, Discover moved for summary judgment. Davis responded that Discover was not entitled to summary judgment because it never produced an actual contract signed by him. Davis submitted an affidavit in which he stated that he had opened a restaurant in 1990, which was owned by C.J. Shooters, Inc., and that "an account was opened with plaintiff on behalf of the corporation." He stated that the account with Discover was a corporate debt, and that he had "no memory of ever signing an agreement to be responsible for this account as an individual." Finally, he stated that he had never received any statements at the address listed on them, where no mail receptacle even existed.

Discover replied and submitted an additional affidavit from a "team leader," who stated that he had personal knowledge of this account and was the custodian of the records. He further stated that this account was opened on May 1, 1986, and that he was unable to retrieve a copy of the signed application. He stated that the card was issued to Davis, not to a corporation, and that from 1986 to now, Discover issued credit cards only to consumers, not to corporations. The team leader then stated that the statements mailed to Davis had never been returned and that Discover agents had discussed the account with Davis several times

The trial court granted summary judgment to Discover on the principal, plus $2,799.73 pre-judgment interest, $799.31 attorney fees, and costs. Davis argues on appeal, as he did below, that Discover was not entitled to summary judgment because Discover "presented no evidence that Appellant had ever signed an agreement or agreed to be personally obligated to the Bank."

Discover need not produce a copy of Davis's application to establish the existence of a valid credit card debt.

> [A] contract was effected in this case when the plaintiff issued its credit card to the defendant to be accepted by [him] in accordance with the terms and conditions therein set forth, or at [his] option to be rejected by [him]. Such rejection need take the form of returning the card, or simply its non-use. The issuance of the card to the defendant amounted to a mere offer on plaintiff's part, and the contract became entire when defendant retained the card and thereafter made use of it. The card itself then constituted a formal and binding contract. [Cits.]

*Read v. Gulf Oil Corp.*, 114 Ga. App. 21, 22 (150 SE2d 319) (1966).

Discover submitted evidence that the credit card was issued to Davis in 1986 along with a document that provided he was bound by the document's terms if he accepted and used the card. Discover also properly submitted as business records a complete set of statements in Davis's name that were not returned to the company as undelivered. The trial court did not err in granting summary judgment to Discover.

*Judgment affirmed. Johnson, P. J., concurs. Ruffin, C. J., concurs specially.*

RUFFIN, Chief Judge, concurring specially.

Although I concur fully in the majority's reasoning and result, I write separately to note the following. In his carefully worded affidavit, Davis does not state that his corporation opened the Discover account. Instead, he asserts that the account was opened "on behalf of" the corporation, possibly in an effort to explain why his name is on the account statements. He also does not dispute Discover's evidence that he is listed as a "Cardmember" or deny using the credit card.

Moreover, the terms and conditions forwarded with the charge card provide that the Cardmember is responsible for "all purchases, cash advances, and balance transfers . . . incurred by [the Cardmember] or anyone [the Cardmember] authorize[s] or permit[s] to use [the] account." Thus, even if all charges to the account were incurred on behalf of Davis' corporation, he is obligated on the debt personally.[1] Finally, although Davis testified that he does not remember signing an agreement to be individually responsible for the debt, these terms and conditions did not require a signature to become effective. Davis accepted the terms by using the credit card.

DECIDED FEBRUARY 15, 2006 —
RECONSIDERATION DENIED MARCH 3, 2006.

*Edward W. Clary*, for appellant.
*Ruthanne W. Goodman, Craig R. Goodman*, for appellee.

---

[1] See *Read v. Gulf Oil Corp.*, 114 Ga. App. 21, 22 (150 SE2d 319) (1966) (cardholder accepts terms and conditions of credit card by retaining and using card).