A06A2283. BOZEMAN v. CACV OF COLORADO, LLC.
(638 SE2d 387)

BLACKBURN, Presiding Judge.

In this contract suit brought by CACV of Colorado, LLC ("CACV") against Gloria Bozeman, Bozeman appeals the grant of summary judgment to CACV, contending that material facts remain in dispute. We disagree.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the record shows that in August 2005, CACV filed a complaint alleging that Bozeman was indebted to CACV in the principal amount of $12,397.03 and seeking judgment for the amount of that debt plus interest and attorney fees. The complaint was not verified, but CACV attached the credit agreement to the complaint. Bozeman filed an unverified answer, admitting that she was indebted to CACV, but denying the amount alleged in the complaint.

CACV filed a motion for summary judgment and attached an affidavit from its records custodian stating that Bozeman had established a credit card account with the predecessor of CACV, that Bozeman had refused CACV's demands to pay, and that the correct amount owed was $15,508.88 ($12,397.03 in principal plus $3,111.85 in interest). The affidavit also authenticated an attached statement reflecting the debt on Bozeman's account.

Bozeman's response to the motion for summary judgment disputed the correct amount in her brief and argued that the affidavit was based on hearsay, but Bozeman did not provide an affidavit or other evidence in response to CACV's motion. Based on the evidence submitted by CACV and the lack of evidence from Bozeman, the trial court granted CACV's motion and entered a judgment of $16,793.58 ($15,508.88 plus $1,284.70 in attorney fees) against Bozeman, giving rise to this appeal.

> OCGA § 9-11-56 (e) provides as follows: When a motion for summary judgment is made and supported as provided in this Code section[, i.e., with an affidavit based on personal knowledge], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

(Punctuation omitted.) *Bentley v. Nat. Bank of Walton County.*[2]

Here, faced with a motion for summary judgment supported by an affidavit, Bozeman did not respond with an affidavit or other evidence placing the facts supported by CACV's affidavit in dispute, nor did she move to strike CACV's affidavit. Rather, she argued that CACV's affidavit was based on hearsay and not personal knowledge, and should therefore not be considered by the trial court. However, Bozeman presented no evidence contradicting CACV's affidavit which itself averred that the affiant is a record custodian with personal

---

[2] *Bentley v. Nat. Bank of Walton County*, 175 Ga. App. 732, 734 (2) (334 SE2d 331) (1985).

knowledge of the records associated with Bozeman's account. The affidavit further averred that the records "are kept in the normal course of business, made contemporaneously with the events reflected and under the supervision and control of the Affiant, and that the Affiant has examined said records and all statements made herein are a direct reflection of the contents." Under these circumstances, the trial court did not err in considering the affidavit. See *Davis v. Discover Bank*;[3] *Hertz Corp. v. McCray*.[4] Therefore, because Bozeman failed to create an issue of material fact by confronting CACV's prima facie evidence with competent evidence of her own, we affirm. See *Shaw v. First Nat. Bank of Chicago*.[5] Compare *Yalanzon v. Citibank (South Dakota)*[6] (credit card holder's affidavits created issue of material fact).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 2, 2006.

*Lawrence E. Harrington*, for appellant.
*Trauner, Cohen & Thomas, Michael J. Cohen*, for appellee.

---

[3] *Davis v. Discover Bank*, 277 Ga. App. 864, 865 (627 SE2d 819) (2006).

[4] *Hertz Corp. v. McCray*, 198 Ga. App. 484, 485 (2) (402 SE2d 298) (1991).

[5] *Shaw v. First Nat. Bank of Chicago*, 143 Ga. App. 416 (238 SE2d 719) (1977).

[6] *Yalanzon v. Citibank (South Dakota)*, 169 Ga. App. 961, 962 (1) (315 SE2d 677) (1984).