A06A2501. GERBEN v. BENEFICIAL GEORGIA, INC.
(642 SE2d 405)

MIKELL, Judge.

Andrew W. Gerben, defendant below, appeals the grant of summary judgment to plaintiff Beneficial Georgia, Inc. ("Beneficial"), in its suit on a contract. For the reasons set forth below, we affirm.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.[1] On appeal, the trial court's grant of summary judgment is subject to de novo review; and the evidence, and all reasonable conclusions and inferences drawn from it, are viewed in the light most favorable to the nonmovant.[2]

So viewed, the evidence shows that in October 2005, Beneficial filed a complaint (denominated a "Suit on Contract") alleging that Gerben was indebted to Beneficial in the principal amount of $6,567.85 and seeking judgment for the amount of that principal plus interest of $3,587.06, attorney fees of $681.78, and court costs of $105. Attached to the complaint were a copy of a credit agreement titled "Personal Credit Line Account Agreement — Fixed Rate" (hereinafter referred to as the "Credit Agreement") and a copy of the initial check (the "Account Opener Check" as described in the Credit Agreement) in the amount of $5,000 from Beneficial payable to Gerben, and endorsed by Gerben, setting up the account. Gerben filed an answer admitting jurisdiction but denying all other material allegations of the complaint.

---

[1] OCGA § 9-11-56 (c); *Bozeman v. CACV of Colorado*, 282 Ga. App. 256 (638 SE2d 387) (2006).

[2] *Bozeman*, supra; see also, e.g., *Cox v. U. S. Markets*, 278 Ga. App. 287 (628 SE2d 701) (2006).

Beneficial filed a motion for summary judgment and attached an affidavit from Sandra Rendon, a "Recovery Specialist" of Beneficial, stating that Gerben had established a "Personal Credit Line Account" with Beneficial; that Gerben made charges on the account over an extended period of time; that Gerben had failed to pay charges made to the account and was therefore in default; and that the correct amounts owed on the account were principal of $6,567.85, interest of $3,587.06, and contractual attorney fees of $681.78.

Gerben's response to the motion for summary judgment argued that the affidavit was based on hearsay, but this response was filed on March 21, 2006, one day late, and was struck by the trial court. The trial court granted summary judgment to Beneficial on March 22, 2006; however, Gerben was not served with a copy of this order until May 18, 2006. On March 24, 2006, Gerben filed affidavits of himself and his wife, averring that they never received a copy of the Credit Agreement from Beneficial. On May 26, 2006, Gerben moved to set aside the order of March 22, 2006, and for reconsideration. On June 13, 2006, following a hearing, the trial court set aside its order of March 22, 2006, struck Gerben's untimely filed response to Beneficial's motion for summary judgment, and again granted summary judgment to Beneficial. Gerben appeals.

Gerben argues that Beneficial failed to show that an enforceable contract was ever entered into between Beneficial and Gerben; that the affidavit submitted by Beneficial was not based on personal knowledge; that the documents submitted in connection with this affidavit were not admissible under the business records exception to the hearsay rule; and that these documents did not prove the existence of the contract between Gerben and Beneficial nor how much was owed on the contract.

1. Under OCGA § 13-3-1, a valid contract requires "parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." Here, Beneficial has presented evidence that in April 1999 Gerben entered into the Credit Agreement for an initial sum of $5,000, by signing the reverse of the $5,000 check from Beneficial. On the front of this check appear the words: "By endorsing the back of this check you accept our offer and agree to the terms of your loan agreement contained in Form # 29870GA(04/99)414." On the reverse, above Gerben's signature endorsing the check, are the words: "By endorsing this check you agree to the terms and conditions of the Personal Credit Line Account Agreement." The Credit Agreement, numbered 29870GA(04/99)414 at the lower right-hand corner, included terms regarding the interest rate, how the payments were to be calculated, when payments were to be made, and what constituted

a default. Gerben's contention that there was no contract between the parties is without merit.

2. Gerben argues that the affidavit submitted by Beneficial in support of its motion for summary judgment is not based on personal knowledge and that the documents referred to in the affidavit are not admissible as business records nor do they show the existence of a contract nor how much Gerben owed under the contract. Gerben made no motion to strike the affidavit, however, nor did he provide any affidavits or other evidence in timely response to Beneficial's motion. Based on the evidence submitted by Beneficial and the lack of a timely response from Gerben, the trial court granted Beneficial's motion for summary judgment.

Under OCGA § 9-11-56 (e),

> [w]hen a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Here, faced with a motion for summary judgment supported by an affidavit, Gerben did not timely respond with an affidavit or other evidence placing the facts supported by Beneficial's affidavit in dispute. Because Gerben failed to respond to Beneficial's motion for summary judgment in a timely manner, Gerben waived his right to present evidence in opposition to the motion, and the trial court did not abuse its discretion in declining to consider the untimely affidavits submitted by Gerben.[3]

Nor did Gerben move to strike Beneficial's affidavit.[4] Rather, he argued that Beneficial's affidavit was based on hearsay and not personal knowledge, and should therefore not have been considered by the trial court. We recognize that, although Gerben waived his right to present evidence in opposition to Beneficial's motion for summary judgment, it does not automatically follow that the motion should have been granted.[5] In this case, however, the affidavit submitted by Beneficial supports the grant of summary judgment in Beneficial's favor. The affiant averred that she was Beneficial's

---

[3] *Fowler v. Smith*, 237 Ga. App. 841, 842-843 (1) (516 SE2d 845) (1999).

[4] *Bozeman*, supra at 257 (failure to move to strike challenged affidavit and failure to submit affidavits of his own led to summary judgment against defendant).

[5] *Ackerman & Co. v. Lostocco*, 216 Ga. App. 242, 244 (1) (454 SE2d 792) (1995).

Recovery Specialist "familiar with" the books and records of Beneficial;[6] that the books and records "are kept in the ordinary course of business"; that "it is the ordinary course of business to keep such books and records"; that "[t]he entries on the books and records concerning [Gerben] were posted at or about the time of the transaction"; and that the documents named in the affidavit and identifiable in the record[7] show the terms of the contract between Gerben and Beneficial and provide the financial history of his Personal Credit Line Account. Under these circumstances, the trial court did not err in considering the affidavit.[8] Therefore, Beneficial provided sufficient evidence to support its motion, and in the absence of timely submitted evidence from Gerben, we find no error in the trial court's grant of summary judgment to Beneficial.[9]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

## DECIDED FEBRUARY 23, 2007.

*Daniel B. Greenfield*, for appellant.
*Cynthia L. McKenzie*, for appellee.

---

[6] See *Intl. Biochemical Indus. v. Jamestown Mgmt. Corp.*, 262 Ga. App. 770, 776 (3) (586 SE2d 442) (2003) ("It is not necessary that the affiant personally control or personally make the entries to the documents for the business records exception to apply") (citation omitted).

[7] Compare *Taquechel v. Chattahoochee Bank*, 260 Ga. 755, 756 (2) (400 SE2d 8) (1991) (affidavit is insufficient where records referred to in affidavit are neither attached to affidavit nor included in record and clearly identified in affidavit).

[8] See *Davis v. Discover Bank*, 277 Ga. App. 864-865 (627 SE2d 819) (2006) (court may properly consider affidavits of plaintiff's "legal placement account manager" and of "team leader" to establish terms of agreement and amount of debt).

[9] See, e.g., *Bozeman*, supra at 258; *Shaw v. First Nat. Bank of Chicago*, 143 Ga. App. 416 (238 SE2d 719) (1977).