A07A1631. BRADLEY et al. v. JPMORGAN CHASE BANK.
(658 SE2d 240)

MILLER, Judge.

JPMorgan Chase Bank ("JPMorgan") filed a dispossessory warrant against William Bradley, Sandra Bradley, and Lawrence Bradley after a foreclosure sale of property located at 1285 Halter Lane in Lithonia (the "Property"). The Bradleys filed an answer and counterclaim, denying that JPMorgan had the right to seek possession of the Property and requesting damages against JPMorgan for bringing the dispossessory action. Following a bench trial, the trial court issued

---

[6] Id.

[7] Id.

JPMorgan a writ of possession and denied the Bradleys' counter-claim. The Bradleys appeal, claiming that JPMorgan was not entitled to seek a writ of possession pursuant to OCGA § 44-7-50 et seq., that JPMorgan lacked standing to purchase the Property at the foreclo-sure sale, and that the foreclosure was flawed and must be set aside. Discerning no error, we affirm.

Our own review of the record[1] reveals that JPMorgan purchased the Property at a foreclosure sale held in January 2007. JPMorgan demanded that the Bradleys surrender possession of the Property in February 2007, and it served the Bradleys with a dispossessory warrant on March 12, 2007. A bench trial was held on April 2, 2007, after which the trial court entered an order finding that JPMorgan was entitled to the writ of possession it sought.

The Bradleys claim that JPMorgan was not entitled to seek a writ of possession pursuant to OCGA § 44-7-50 et seq. because they were not "tenants" of the Property. This Court has already considered and rejected such arguments, stating:

> Although the relationship of landlord and tenant must exist before a dispossessory hearing can be held under OCGA § 44-7-50 et seq.[,] the provisions of OCGA § 44-7-50 are clearly satisfied when the relationship between the parties is that of legal title holder and tenant at sufferance. Appel-lant's legal right to possession ended when appellee became the legal title holder and appellant, as a tenant at suffer-ance, was subject to being summarily dispossessed. As to the claim that no landlord/tenant relationship was shown to exist, it is well established that where the grantor, or his privy, in a security deed remains in possession of the prem-ises after lawful foreclosure of the deed, he is a tenant at sufferance and is subject to be summarily dispossessed by the purchaser at the foreclosure sale, or by his privy.

(Citations and punctuation omitted.) *Browning v. Fed. Home Loan Mtg. Corp.*, 210 Ga. App. 115, 117 (3) (435 SE2d 450) (1993).

The Bradleys also claim that the trial court erred in granting the writ of possession because JPMorgan was "without standing to purchas[e the Property] at auction, hold and sue for eviction, since [it] lacks standing to so act" and that the "alleged foreclosure . . . is [not] lawful under Georgia law." The Bradleys' brief failed to support these

---

[1] While Court of Appeals Rule 25 (a) (1) requires that Part I of the appellants' brief include "citation of such parts of the record or transcript essential to a consideration of the errors complained of . . . ," appellants' brief, despite being prepared by counsel, contains a statement of facts that fails to include any such citations.

claims by reference to the record or citation of authority, as required by Court of Appeals Rule 25 (c). Furthermore, the Bradleys failed to provide that a transcript of the proceedings before the trial court be included in the record.

> When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession. As the appellant[s, the Bradleys] had the burden to affirmatively show error by the record. This [they] failed to do.

(Citations omitted.) *Simmons v. Sopramco III, LLC*, 278 Ga. App. 830, 831 (630 SE2d 61) (2006).

The Bradleys' claims require consideration of the evidence presented at the trial. In the absence of a transcript or other evidence in the record, however, we must assume the trial court's judgment was correct and affirm. *Seay v. Chase Manhattan Mtg. Corp.*, 270 Ga. App. 349 (606 SE2d 586) (2004).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 22, 2008 ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Louise T. Hornsby*, for appellants.

*Smiley, Bishop & Porter, John C. Porter, Jr., Marc E. Ripps*, for appellee.