### A08A0554. TRADITIONAL PROPERTIES, INC. et al. v. PERFORMANCE FOOD GROUP OF GEORGIA, LLC.

(662 SE2d 250)

BARNES, Chief Judge.

Performance Food Group of Georgia ("Performance Food") sued Traditional Properties, Inc. d/b/a Harold's BBQ ("Harold's BBQ") and guarantor Lisa Ison (collectively, "the defendants") for amounts owed on an open account. The trial court subsequently granted summary judgment to Performance Food. The defendants appeal, and for reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. *Sweet Water Tree Farm v. Schmidt & Son, Inc.*, 287 Ga. App. 455 (651 SE2d 787) (2007). We review a grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmoving party. Id.

Viewed in this manner, the record shows that in December 2002, Performance Food established a credit account for food deliveries to Ison's restaurant, Harold's BBQ. To obtain the account, Ison signed a credit application, as well as a personal guaranty, through which she "personally guarantee[d] prompt payment of any and all indebtedness owing to [Performance Food] by [Harold's BBQ]." Thereafter, Performance Food delivered food products to Harold's BBQ, resulting in a credit account balance exceeding $13,000.

When the defendants failed to pay the balance, Performance Food sued to collect on the open account. The defendants filed an unverified answer and counterclaim, admitting that the restaurant had an open account with Performance Food, but denying any account arrearage. In their counterclaim, they also asserted that the parties had reached a new agreement regarding payment terms and that Performance Food had breached this agreement by seeking immediate satisfaction of the account balance. The defendants' unverified discovery responses also included vague references to a new agreement.

Performance Food moved for summary judgment on its claim and the defendants' counterclaim, arguing that no genuine issues of material fact remained regarding the indebtedness. In support, it submitted the affidavit of its credit manager, who testified about the balance due on the open account and attached a copy of the account statement, as well as the credit application and personal guaranty signed by Ison. The defendants responded to the motion, but did not offer any evidence challenging the amount due or establishing a new agreement. Instead, they asserted that Performance Food "failed to pierce the allegations" in their answer.

Noting that the defendants submitted no evidence to support their defenses or counterclaim, the trial court granted summary judgment to Performance Food. We find no error.

A supplier seeking recovery on an open account establishes a prima facie case by tendering an authenticated invoice and demonstrating that goods were delivered, but that the invoice remains unpaid. *Sweet Water Tree Farm*, supra, 287 Ga. App. at 457-458 (1) (b); *Imex Intl. v. Wires Engineering*, 261 Ga. App. 329, 331 (1) (a) (583 SE2d 117) (2003). At that point, the buyer has "the burden of presenting evidence of specific facts to refute [the supplier's] proof." *Sweet Water Tree Farm*, supra, 287 Ga. App. at 458. A general denial is not sufficient; the buyer must offer specific factual evidence creating "a genuine issue for the jury." Id.

Performance Food established a prima facie case through the affidavit of its credit manager, who authenticated the attached account statement, testified that the goods had been delivered, and confirmed the indebtedness. In reply, the defendants offered absolutely no evidence. Although they raised certain claims about a "new agreement" in their answer and discovery responses, these pleadings were not verified and thus do not constitute *evidence. Lee v. CSX Transp.*, 233 Ga. App. 30, 31 (2) (503 SE2d 309) (1998) (unverified discovery responses "cannot be considered in opposition to summary judgment"); *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988) ("Unsworn allegations in pleadings that have not been admitted by the opposing party are not evidence for purposes of summary judgment resolution."). Compare *Five Star Steel Constr. v. Klockner Namasco Corp.*, 240 Ga. App. 736, 738 (1) (b) (524 SE2d 783) (1999) ("A verified answer to a claim for open account that sets out the defenses of payment, set-off, and accord and satisfaction creates a factual issue.").

The defendants failed to rebut Performance Food's prima facie case for recovery on an open account. And despite evidence demonstrating their liability on the account, they offered no proof supporting their counterclaim that Performance Food breached an agreement by seeking full payment. Accordingly, the trial court properly

granted summary judgment to Performance Food on the complaint and counterclaim. *Bozeman v. CACV of Colorado*, 282 Ga. App. 256 (638 SE2d 387) (2006) (summary judgment for creditor appropriate where defendant offered no evidence to rebut prima facie case of indebtedness).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 8, 2008.

*Paul S. Weiner*, for appellants.
*Vivian N. Hudson, James W. Martin*, for appellee.