## A08A0252. SCOTT v. BANK OF AMERICA.
### (663 SE2d 386)

BARNES, Chief Judge.

Betty J. Scott sued her mortgage holder, Bank of America ("BOA"), for breach of contract, alleging that the company paid property taxes in the wrong amount for the wrong property, even after notice of its error, improperly escalated her loan payments, and damaged her credit. Scott also sought to enjoin BOA from foreclosing on her property. She sought damages arising from the contract breach, compensatory damages for intentional infliction of emotional and financial harm, and attorney fees. BOA answered, denying the allegations, and moved for summary judgment. The trial court granted summary judgment to BOA, and Scott appeals, contending that issues of fact remain for jury resolution. We agree, and therefore reverse the trial court's ruling.

On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Ford v. Bank of America Corp.*, 277 Ga. App. 708 (627 SE2d 376) (2006). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Wachovia Bank v. Moody Bible Institute &c.*, 283 Ga. App. 488, 489 (642 SE2d 118) (2007).

The appellate record in this case is extremely confusing, made all the more so by the fact that the exhibits to the affidavit of BOA's records custodian are scattered and placed backward in the middle of the document. Further, while the parties cite to the appellate record, many of the page numbers cited are incorrect. It is the parties' obligation to ensure that their citations to the record are correct, particularly in a case such as this one in which numerous deeds and descriptions are critical to the analysis. See *Bradley v. JPMorgan Chase Bank*, 289 Ga. App. 704, 705, n. 1 (658 SE2d 240) (2008). Despite the incorrect and incomplete citations, this court has found each relevant document in the record.

The evidence establishes the existence of three separate street addresses (3414, 3424, and 3444 West Stubbs Road), two parcel identification numbers, and two legal descriptions. No piece of

evidence contains all three identifying elements. Basically, Scott contends that BOA paid the wrong taxes on the wrong property and would not correct the problem. BOA contends that, with one exception, it paid taxes on the correct property, and that its accounting of Scott's escrow account is correct.

The evidence submitted includes, among other things, four warranty deeds, two quitclaim deeds, an appraisal, a survey, a security deed, a security deed modification, tax records, and affidavits. But these documents do not establish as a matter of law that Scott has no claim against BOA. The initial 1999 loan documents identify the address of the property securing the loan as 3424 West Stubbs Road. The 2001 "Note and Security Modification Agreement" amended the original security deed by changing the loan amount and interest rate, and also provided that "[t]he address of the property is modified to 3444 West Stubbs Road, Atlanta, Georgia, 30349." The documents recorded with the modification agreement include an Affidavit of Construction Completion, certifying that construction work was completed on March 31, 2001 at property located at 3444 West Stubbs Road. (The typed address on the affidavit was 3424 West Stubbs, but a line was drawn through the number and 3444 was handwritten beside it.)

Thus, BOA's records custodian testified in her affidavit at paragraph 25 that the address of the property securing the loan was 3444 West Stubbs Road. With no explanation, the records custodian then states in paragraph 37 that the correct address of the property intended as security for the note is 3414 West Stubbs Road, attaching as proof a search page from the Fulton County Board of Assessors showing a map for parcel number 14F0154LL026, addressed as 3414 West Stubbs Road. A property denoted as "3444," parcel number 4F0154LL027, is also reflected on this map. Nothing on this document or anywhere else in the record supports BOA's conclusion that 3414 is the correct address for the property securing its loan. In fact, nothing this court has found in the record connects either of the two parcel identification numbers directly to either of the two property descriptions.

While this court will not attempt to sort through the legal descriptions attached to all of the different deeds, we note that while the records custodian states that the later deeds were "attempt[s] to correct" the 1999 deed given as security for the note, Scott disputes that statement.

In 2001, BOA mistakenly paid the taxes on property in which it held no interest, an error it corrected in 2003 only after Scott sued

and obtained a default judgment against BOA.[1] Meanwhile, although Scott's monthly payment for the loan, taxes, and insurance remained $596 per month for the first few years of her loan, BOA alerted her in early 2003 that her monthly payment was being raised to $933. BOA paid out $2,281 for taxes in 2003, leaving a shortage in Scott's escrow account. BOA's only explanation for paying triple the previous years' taxes was that it was "the projected amount based on previously paid taxes."[2] Neither the affidavit nor the bank's briefs explain which "previously paid taxes" caused the bank to project such an increase. Further, while BOA contends that it paid the 2003 taxes on the property securing its loan, the tax records it submitted are for 3414 West Stubbs Road, but its 2001 "Note and Security Interest Modification Agreement" identified the proper address as 3444 West Stubbs.

From that point Scott's attempts to unscramble the problem were to no avail. The problem repeated itself in 2004, when BOA again projected the taxes would be $2,281, "based on amounts actually paid by BOA in 2003," despite the fact that the 2003 tax payment amount had been reduced. It is unclear from the record whether BOA paid the property taxes for 3414 or 3444 West Stubbs Road, although its evidence establishes the final amount of taxes assessed and paid on 3414 West Stubbs. Scott tried several times to correct the problems with her escrow account which caused her monthly payments to rise from $596 per month to $933 per month in 2003, going so far as to file a previous successful lawsuit when BOA paid taxes on the wrong property. She hired a lawyer who tried unsuccessfully to straighten out the current escrow issues, and who ultimately filed suit.

The property at 3414 West Stubbs is not the property at 3444 West Stubbs (initially identified as 3424), and BOA's arguments and evidence repeatedly mix up the two addresses. A letter in the record from Scott's lawyer shows that the two properties are very similar in valuation. Additionally, while BOA contends that Scott made no payments at all from November 16, 2004 to April 2005, when she began paying into the court registry, her attorney told BOA in November 2004 that he was holding Scott's monthly mortgage payments in escrow until the parties figured out the problem with Scott's escrow account. BOA admits it notified Scott's creditors that she had not paid her mortgage properly, and the record establishes

---

[1] In the bank's appellate brief and the affidavit it submitted to support its summary judgment motion, BOA does not state the address of the property on which it improperly paid the taxes, only that it received the invoice "due to the incorrect property address and incorrect legal description provided by the Plaintiff."

[2] This amount was later reduced to $1,855.91.

that BOA instituted foreclosure proceedings, although it does not establish the outcome of those proceedings.

While the record does not establish as a matter of law whether Scott is entitled to damages and if so, how much, it also does not establish as a matter of law that BOA is entitled to summary judgment. The affidavit of BOA's records custodian is in some respects conclusory, contradictory, and unsupported by the documents attached to it, such as the averment that the increased 2003 taxes were based on previously paid taxes or that the address of the property securing its loan is both 3444 and 3414. While it is true, as the trial court notes, that the taxes on both pieces of property went up significantly due to improvements, that fact alone does not explain BOA's actions in this case.

Accordingly, BOA failed to establish that no genuine issue of material fact exists. OCGA § 9-11-56 (e); *Sweet Water Tree Farm v. J. Frank Schmidt & Son, Inc.*, 287 Ga. App. 455, 457 (1) (a) (651 SE2d 787) (2007).

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 18, 2008.

*Rex J. McClinton*, for appellant.
*Morris, Schneider, Prior, Johnson & Freedman, Kyle S. Kotake*, for appellee.