**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**May 19, 2014**

# In the Court of Appeals of Georgia

A14A0544. RUTLEDGE v. GEMINI CAPITAL GROUP, LLC.        DO-030

DOYLE, Presiding Judge.

Daniel J. Rutledge appeals from the grant of summary judgment to Gemini Capital Group, LLC, in its suit against him on an account. Rutledge contends that summary judgment was improper because Gemini failed to establish the amount owed and that it was the real party in interest, and because Rutledge's affidavit raised a genuine issue of material fact by denying that he applied for a credit card with Gemini's predecessor. For the reasons that follow, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable

conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

Gemini's complaint alleges that, based on a revolving credit account, Rutledge is indebted to it in the principal sum of $8,002.15, plus interest and that Rutledge is in default. Following discovery, Gemini moved for summary judgment and supported its motion with an affidavit of its chief executive officer, Roger Neustadt. The affidavit contains averments based on Neustadt's personal knowledge of Gemini's records kept in the regular course of business, which records were attached to the affidavit. Neustadt further averred as follows:

> On or about January 19, 1996, [Rutledge] applied for a Visa credit card. The Defendant entered into a credit card agreement with Chase Bank USA, N.A., who was succeeded in interest by [Gemini], who presently owns the account (see Exhibit "A").

> A Visa credit card was subsequently issued to [Rutledge], account number of said credit card being [16-digit account number]. Subsequently, charges and payments were made to the account.

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[Rutledge] failed to make all of the payments required under the terms of the Credit Card Agreement. As of the date this affidavit is made, [Rutledge] owes [Gemini] the principal balance amount of $8,002.15, as shown by Exhibit "B". This figure is determined by the balance due on the last statement plus credits and debits to the account since the statement was issued (see Exhibit "C"). . . .

Despite [Gemini's] request for payment, [Rutledge] has failed and refused to pay. Demand has been made upon [Rutledge] for the balance due on the account. . . .

Attached to the affidavit were two documents, each entitled "Bill of Sale" and labeled "Exhibit A." One showed a transfer of multiple accounts from Chase Bank USA, N.A., to Turtle Creek Assets, Ltd., and the other showed a transfer of accounts from Turtle Creek Assets, Ltd., to Gemini. Both bills of sale purported to transfer rights to the accounts listed in an attachment, and a single-line-item attachment accompanied the bills of sale and listed Rutledge's personal information, account balance, and the last four digits of his account number. All of these documents were labeled "Exhibit A" to correspond with the transfer of accounts described in Neustadt's affidavit.

Also attached to the affidavit were a series of account statements labeled "Exhibit B," listing Chase as the issuer and Rutledge as the account holder, with a

3

final principal balance due of $8002.15. Finally, a computer printout ("Exhibit C")

reflected a "file data summary" for Rutledge and listed Gemini at the top and showed

his principal balance of $8,002.15.

Rutledge contends that summary judgment was granted in error because

Gemini failed to prove the chain of title showing that it was the real party in interest.

> To show it was entitled to judgment against [Rutledge] on the credit
> card account, [Gemini] was required to show that [Rutledge] entered
> into an agreement or established an account with [its predecessor],
> accumulated a balance and failed to pay. The Bank was required to
> attach to the affidavit copies of the records relied upon and referred to
> therein that were pertinent to [Rutledge]'s debt. It did.[2]

Gemini provided an affidavit from its CEO, based on personal knowledge and

properly authenticated business records attached to the affidavit, showing that

Rutledge established a credit card account issued by Chase. The affidavit and

supporting documents further show that Chase's interest in the account was

ultimately transferred to Gemini and that Rutledge failed to pay the amounts listed on

---

[2] (Footnotes and emphasis omitted.) *Melman v. FIA Card Svcs., N.A.*, 312 Ga. App. 270, 272-273 (1) (718 SE2d 107) (2011).

the statements issued to him and attached to the affidavit. This was sufficient to make a prima facie case supporting Gemini's suit on the account.[3]

Nevertheless, Rutlege argues that his affidavit, in which he avers that he applied for a credit card from a different bank and not Chase, creates a genuine issue of material fact precluding summary judgment. But Rutledge's affidavit does not dispute his indebtedness under the Chase card account, which debt was proven by the evidence supporting Gemini's motion for summary judgment. It is this debt that was transferred to Gemini, and Gemini has made a prima facie case supporting its suit to collect that debt. Therefore, regardless of any evidence that Rutledge applied for a different card, Rutledge's affidavit fails to create a genuine issue of fact material to

---

[3] See id.; *League v. Citibank*, 291 Ga. App. 866, 869 (2) (663 SE2d 266) (2008) (summary judgment for creditor affirmed where creditor produced evidence that the debtor requested and obtained the account, accumulated a balance, and did not pay); *Davis v. Discover Bank*, 277 Ga. App. 864, 866 (627 SE2d 819) (2006) (summary judgment for creditor affirmed because creditor produced evidence that a credit card was issued to the debtor along with a document providing that if he used the card he accepted the agreement, statements in the debtor's name that were mailed to the debtor and not returned, and an account statement showing the balance due); *Bozeman v. CACV of Colorado*, 282 Ga. App. 256, 257-258 (638 SE2d 387) (2006) (creditor was entitled to summary judgment on credit agreement because record custodian's affidavit stated that defendant had established an account with creditor's predecessor but refused to pay, stated amount owed, and attached authenticated statement reflecting amount of debt on the account, but defendant failed to provide affidavit or other evidence to rebut the evidence).

the Chase debt. Accordingly, we discern no error in the grant of summary judgment to Gemini.

*Judgment affirmed. Miller and Dillard, JJ., concur.*