A89A1140. INTERNATIONAL BUSINESS CONSULTING, LTD.
v. FIRST UNION NATIONAL BANK OF GEORGIA.
(386 SE2d 400)

SOGNIER, Judge.

First Union National Bank of Georgia (Bank) brought suit against International Business Consulting, Ltd. (IBC) seeking recovery of an overdraft in the account IBC maintained at the Bank. IBC answered denying it was indebted to the Bank in any amount. The trial court granted summary judgment in favor of the Bank and IBC appeals.

In support of its motion for summary judgment, appellee presented the affidavit of its area manager, Joel C. Taylor, Jr., who averred that as of June 30, 1988, appellant's account reflected an overdraft balance of $47,258.16, which was composed of the chargeback of a dishonored check in the amount of $44,047.08, a check order fee of $25.85, and the remainder consisting of service charges posted to the account. Attached to the affidavit were copies of appellant's monthly account statements from November 1987 to June 1988, which were averred to be true and correct copies of the regular business records maintained by appellee under Taylor's supervision and control. In response to the affidavit and exhibits, appellant submitted the affidavit of its corporate officer, John England, who averred that he "is not aware of any justification for services charges imposed by [appellee] in an amount in excess of $3,200.00."

OCGA § 9-11-56 (e) provides in part that "[w]hen a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwis

provided . . ., *must set forth specific facts* showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis supplied.) " 'It is thus seen that it is the duty of each party at the hearing on the motion for summary judgment to present his case in full. [Cits.]' " *Bible Farm Svc. v. House Hasson &c. Co.*, 157 Ga. App. 358-359 (277 SE2d 341) (1981).

Appellee presented the sworn statement of its area manager setting forth the amount it claimed was due which, together with attached statements of account that were admissible as business records pursuant to OCGA § 24-3-14, pierced the general denial in appellant's answer. See *Ambrose v. E. F. Hutton & Co.*, 146 Ga. App. 403, 404 (2) (246 SE2d 423) (1978). "[W]here the [business records] conform to the provisions of the Code section, they themselves stand as a witness of the correctness of the account and make a prima facie case which shifts the burden of proof to the defendant debtor to show the items contained in the books, or some of them, are not correct." *Chambers v. Williams Bros. Lumber Co.*, 80 Ga. App. 38, 42 (1) (55 SE2d 244) (1949). Since OCGA § 24-3-14 (b) specifically provides that a proper business record is "admissible in evidence *in proof of* the act, transaction, occurrence, or event" (emphasis supplied), we find no merit in appellant's argument that appellee's affidavit was insufficient because it failed to reflect the affiant's personal knowledge that appellant's check had been dishonored and that service charges had been imposed.

Rather than setting forth specific facts which show there is a genuine issue to be tried, appellant submitted only its officer's statement that he was "not aware of any justification for services charges" imposed by appellee. Thus, insofar as the propriety of imposing those charges, no genuine issue of fact remains for jury determination and the trial court properly granted summary judgment in favor of appellee. See generally *Buice Grading &c. v. Bales*, 187 Ga. App. 263, 265 (370 SE2d 26) (1988). However, the record affirmatively reveals a discrepancy between the amount of service charges claimed by appellee in the affidavit of its area manager and the total service charges indicated in the exhibits attached to the affidavit. We therefore agree with appellant that the grant of summary judgment must be reversed solely as to the amount of service charges awarded appellee with direction that the record be perfected to reflect accurately the amount to which appellee is entitled.

*Case reversed with direction. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1989.

Martin L. Fierman, James L. Bentley III, for appellant.
Troutman, Sanders, Lockerman & Ashmore, William T. Plybon, Herbert D. Shellhouse, for appellee.