A94A0605. CASEY v. NORTH DECATUR COURTYARDS CONDOMINIUM ASSOCIATION, INC.
(444 SE2d 361)

BEASLEY, Presiding Judge.

On March 22, 1990, Casey sold a condominium unit to Mitchell and Farrell. The deed was not recorded until October 7, 1991. North Decatur Courtyards Condominium Association ("Courtyards") sued Casey and Mitchell for unpaid and accelerated assessments, late fees, and attorney fees. Courtyards moved for partial summary judgment as to all issues against Casey, and Casey appeals from the grant of the motion.

1. Casey contends he cannot be deemed liable for assessments for

the period between March 22, 1990, when he sold the unit, and October 7, 1991, when the deed was recorded. The court decided this issue in favor of Courtyards based on a provision in the by-laws of the condominium association that makes each owner liable for the assessments due while that person is an owner, and a provision that defines "owner" as "record title holder of a unit within the condominium, but shall not mean a mortgage holder."

Casey argues that the definition of "owner" found in the by-laws conflicts with the definition of "unit owner" found in the Georgia Condominium Act, OCGA § 44-3-71 (29), and that under the conflict provisions of the by-laws, the Act controls. The court found the definition in the by-laws did not conflict with the Act but was merely a more precise definition used to facilitate the collection of assessments.

The by-laws are not necessarily in conflict with the Act simply because they include a different definition. See *Langford v. Royal Indem. Co.*, 208 Ga. App. 128, 129-130 (3) (a) (430 SE2d 98) (1993). The Act defines "unit owner" but does not use that definition in its provisions on assessment and collection. OCGA §§ 44-3-80; 44-3-109. To the contrary, the Act addresses assessment and collection on a unit basis, not on an individual basis. OCGA §§ 44-3-80; 44-3-109. It is the by-laws, pursuant to the condominium declaration, that allow Courtyards to consider the record title holder the owner for purposes of assessment. It is undisputed that the declaration was properly recorded, and Casey does not claim any lack of notice of it or its provisions.

Additionally, public policy requires that condominium associations have sufficient power to enforce the collection of assessments. *Forest Villas Condo. Assn. v. Camerio*, 205 Ga. App. 617, 618-619 (1) (422 SE2d 884) (1992). As indicated by the trial court, the definition used in the by-laws facilitates fee collection. Although a condominium association has a lien against a unit for which assessments are unpaid, that lien is inferior to tax and mortgage liens, OCGA § 44-3-109 (a), and is not exercisable in a way that supplies the cash flow necessary to fulfill the obligations and functions of the association. Because of these policy concerns, associations must be able to rely on the public record to identify parties who are liable for the assessments. The definition of "owner" in the by-laws serves that policy and does not contravene the Act.

2. The only evidence before the court of the amount owed on the assessments was the affidavit of Robert Tuggle. It stated that he was "custodian of record" (sic) for Courtyards and that the assessment fees due prior to October 7, 1991 amounted to $4,048, but no records were attached.

Affidavits purporting to establish the amount of a debt without accompanying business records, where appropriate, are insufficient.

*Dixieland Truck Brokers v. Intl. Indem. Co.*, 210 Ga. App. 160, 162-163 (2) (435 SE2d 520) (1993). Although the affidavit did not specify that the figure was derived from financial records, "it is clear from the context that the portion of the affidavit which set out the amount owed by defendant[ ] was based on [financial] records." *Taquechel v. Chattahoochee Bank*, 260 Ga. 755, 756 (2) (400 SE2d 8) (1991). Although summary judgment was appropriate as to Casey's liability for assessments, there was no competent evidence from which the court could determine the amount owed on those assessments, and the case must be remanded for that determination by a factfinder.

3. Casey finally contends that attorney fees should not have been awarded, claiming that the facts of this case do not warrant it. The Act provides that a lien for assessments "shall" include attorney fees, OCGA § 44-3-109 (b) (3), and the by-laws clearly designate them as personal obligations. The award of attorney fees was not error.

*Judgment affirmed in part and reversed in part, with direction. Andrews and Johnson, JJ., concur.*

DECIDED MAY 10, 1994.

*Storey & Obenschain, Stuart M. Neiman*, for appellant.
*Lipshutz, Greenblatt & King, Randall M. Lipshutz*, for appellee.