### A03A1530. NUGENT v. SUNTRUST BANK.
### A03A1531. RAY v. SUNTRUST BANK.
(589 SE2d 298)

ADAMS, Judge.

Patrick R. Nugent and Richard H. Ray signed a business credit card application with SunTrust Bank but did not indicate that they were signing as corporate representatives. They contend that they signed the application as guarantors of a corporate credit card and not as individual applicants. When the account went unpaid, SunTrust brought suit against Nugent and Ray individually. The trial court granted SunTrust's motion for summary judgment on the outstanding debt plus interest and denied Ray's cross-motion for summary judgment. Nugent and Ray appeal.

On appeal from a grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom most favorably to the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802-803 (500 SE2d 591) (1998). "The movant is not entitled to judgment as a matter of law unless, construing the evidence most favorably to the nonmoving party, the movant shows a prima facie case. Unless and until the movant meets this initial burden, no evidentiary burden shifts to the nonmovant." (Footnotes omitted.) *Young v. Faulkner*, 251 Ga. App. 847, 848 (555 SE2d 221) (2001). Accordingly, SunTrust bears the burden on summary judgment of showing that it is entitled to collect the full amount from Nugent and Ray.

SunTrust has introduced four documents: (1) the undated "Business Card Application" signed by Nugent and Ray showing a credit limit of $5,000; (2) the monthly account statement dated November 28, 1999, addressed to "Corporate Account, Sports Franchises, Inc.," showing a balance of $13,080.76; (3) a check dated March 3, 1998, from Ray to SunTrust in the amount of $343; and (4) the March 1998 monthly account statement showing a credit limit of $10,000.

In two affidavits, Cathy Wofford, SunTrust's Risk Operations Officer, averred: (1) that the application represented the agreement between the parties; (2) that Nugent and Ray were in default under the agreement; (3) and that Nugent and Ray were indebted in the principal amount of $13,080.76.

The Business Card Application is a one-page form, broken into five sections. In the first section, entitled "Business Information," there are handwritten entries giving the name, address, and related information about a corporation named Sports Franchises, Inc. (SFI). In the second section, entitled "Applicant (Guarantor, if corporation; Owner, if sole proprietorship)," none of the requested information is supplied. The third section indicates that this is a "new business." In the fourth section, Nugent and Ray are listed as "Additional Cardholders." Finally, the fifth section, entitled "Signatures," contains the only text found on the document as follows:

The undersigned applicant(s) represent that the above statements are submitted for the purpose of obtaining credit and are certified to be true, complete and accurate. Applicant(s) expressly authorize SunTrust BankCard N.A. or its affiliates to obtain any information required concerning this application and to make periodic inquiries of others concerning the foregoing information including but not limited to credit bureau reports, and to provide periodically information arising out of applicant(s) transactions with Bank to others. *Upon approval, applicant(s) understand and agree*

*that they shall receive a complete business cardholder agreement* and other disclosures required by the Federal Truth [in] Lending Act at the time of delivery of the card(s) and prior to the completion of the first transaction *and that use and obligation for use of the card(s) shall be pursuant to the terms of said agreement(s)*. The undersigned hereby requests a VISA Business card and secret code(s) for the purpose of initiating electronic funds transfers through automated teller machines and/or point of sale terminals. The undersigned understands and acknowledges that the card(s) may be used for authorized business purposes only and may not be used for personal, family, or household purposes. *The undersigned applicant(s) acknowledge and agree jointly and severally to be liable for the full payment of the account.* It is further understood that this application for credit remains the property of the Bank.

(Emphasis supplied.) Nugent and Ray signed below this language with no indication that they signed in a corporate capacity.

Ray submitted an affidavit in which he averred (1) that SFI applied for the credit card in March 1995; (2) that SFI requested a $5,000 credit limit; (3) that he and Nugent were required to guarantee the requested credit and were listed as cardholders for the company; (4) that SunTrust unilaterally increased the credit limit on the account to $10,000; and (5) that he, Ray, never agreed to an extension of the credit limit.

We find as a matter of law that the application as completed bound Nugent and Ray to be jointly and severally liable for the full payment of the account. Accordingly, the trial court correctly entered summary judgment in favor of SunTrust and correctly held that Ray was not entitled to summary judgment.

Despite the fact that the application indicates that a "complete business cardholder agreement," which is not in the record, will govern use and obligation for use of the card, the application itself unambiguously states that Nugent and Ray agree to be jointly and severally liable for the full payment of the account. Furthermore, there is nothing whatsoever on the application to indicate that Nugent and Ray signed in anything other than their individual capacity. "Where the language of a contract is plain and unambiguous, no construction is required or permissible and the terms of the contract must be given an interpretation of ordinary significance." (Citations omitted.) *MAG Mut. Ins. Co. v. Gatewood*, 186 Ga. App. 169, 172-173 (1) (367 SE2d 63) (1988).

*Judgments affirmed in Case Nos. A03A1530 and A03A1531. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 22, 2003.

*Martin L. Fierman*, for appellant (case no. A03A1530).
*Tilman E. Self III*, for appellant (case no. A03A1531).
*Stokes, Lazarus & Carmichael, William K. Carmichael, Thomas V. Keough*, for appellee.