A06A2203. ISHAK v. FIRST FLAG BANK et al.
(642 SE2d 143)

PHIPPS, Judge.

Yosef Ishak personally guaranteed a construction loan that First Flag Bank extended to his company, Creative Homes, Inc. Because Creative defaulted on the note and thereafter both Creative and Ishak refused First Flag's demands to pay the entire amount due, First Flag sold property securing the loan and then sued Creative and Ishak for the balance owed. The trial court granted First Flag's motion for summary judgment against Creative and Ishak, and Ishak appeals. He contends that the bank failed to present sufficient evidence to support the amount of damages awarded, attacking as mere hearsay a loan history report the bank presented as a business record. We find that the trial court was authorized to admit into evidence the contested report as a business record under Georgia's Business Records Act[1] and therefore affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[2] We review a grant of summary judgment de novo and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[3]

---

[13] See *In the Interest of D. C. N. K.*, 232 Ga. App. 85, 90 (501 SE2d 268) (1998).
[1] OCGA § 24-3-14.
[2] OCGA § 9-11-56 (c).
[3] *Brown v. McGriff*, 256 Ga. App. 44 (567 SE2d 374) (2002).

To establish the amount of the debt, First Flag presented affidavits of the president of its Construction Lending Division. He explained the bank's calculation of the amount owed, relying in part upon what he identified as "a true and accurate copy of the Loan History Report for the loan which underlies the Note, which is a record kept in the ordinary course of business of [First] Flag." This report listed transactions, along with corresponding "effective date[s]" and "entered date[s]."

Citing *Casey v. North Decatur Courtyards Condo. Assn.*[4] for the proposition that "[a]ffidavits purporting to establish the amount of a debt without accompanying business records, where appropriate, are insufficient,"[5] Ishak claims that the loan history report was mere hearsay. He argues that the loan history report was not properly admitted as a business record because the bank failed to lay a foundation for it.

Creating an exception to the hearsay rule, the Business Records Act provides:

> Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter.[6]

> However, before such a writing or record is admissible, a foundation must be laid through the testimony of a witness who is familiar with the method of keeping records and who can testify thereto and to facts which show that the entry was made in the regular course of a business at the time of the event or within a reasonable time thereafter.[7]

"Copies of business records can be admitted without accounting for the absence of the originals once the above foundation has been laid."[8]

---

[4] 213 Ga. App. 190 (444 SE2d 361) (1994).

[5] Id. at 191-192 (2) (citation omitted).

[6] OCGA § 24-3-14 (b); see *Suarez v. Suarez*, 257 Ga. 102, 103 (2) (355 SE2d 649) (1987).

[7] *Suarez*, supra at 103-104 (2) (citation omitted).

[8] *Hertz Corp. v. McCray*, 198 Ga. App. 484, 485 (2) (402 SE2d 298) (1991) (citations omitted).

A trial court's decision to admit evidence as an exception to the hearsay rule will not be disturbed absent an abuse of discretion.[9]

Ishak asserts that the bank president did not expressly state that he was familiar with the bank's method of recordkeeping and that it was within the bank's regular course of business to maintain a loan history report at the time of the transactions or within a reasonable time thereafter. However, the General Assembly has instructed that the Business Records Act "shall be liberally interpreted and applied."[10] In light of this mandate, Ishak's argument is unavailing. The bank's president claimed personal knowledge of the facts he stated in his affidavits. One such fact was that the bank had maintained the loan history report in its ordinary course of business. Thus, the trial court was authorized to find that the bank's president was familiar with the bank's method of recordkeeping. Furthermore, the loan history report itself included the "effective date" and the "entered date" for each of the transactions listed, a review of which shows that the trial court was authorized to find that the bank had timely recorded the transactions pertaining to the loan at issue.

Ishak has failed to show that an adequate foundation was not provided for the loan history report.[11] Consequently, his contention that the trial court erred in admitting the loan history report as a business record pursuant to the Business Records Act fails.

*Judgment affirmed. Smith, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 8, 2007.

*Hassett, Cohen, Goldstein, Port & Gottlieb, Lee S. Goldstein,* for appellant.

*Stites & Harbison, Ronald J. Stay, Jr.,* for appellees.

---

[9] *Wheat Enterprises v. Redi-Floors,* 231 Ga. App. 853, 857 (2) (501 SE2d 30) (1998).

[10] OCGA § 24-3-14 (d); see *Hertz Corp.,* supra.

[11] See generally *Wheat Enterprises,* supra at 857-858; compare *MARTA v. Green Intl.,* 235 Ga. App. 419, 426 (3) (c) (509 SE2d 674) (1998) (where document was unsigned, and proponent of document acknowledged it was never able to locate anyone who could identify it or shed light on who had drafted it or why, proponent had failed to show requisite foundation for document as a business record under the Business Records Act); *Nalley Northside Chevrolet v. Herring,* 215 Ga. App. 185, 186 (3) (450 SE2d 452) (1994) (where affiant offered no testimony establishing his familiarity with the business's method of keeping records, when the records were made, or with facts showing that the entries were made in the regular course of business, and testified that he had no personal knowledge about any of the transactions or parties reflected on the records about which he was testifying, the records should not have been admitted under the Business Records Act because no proper foundation was laid).