**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**June 15, 2012**

# In the Court of Appeals of Georgia

A12A0343. ANGEL BUSINESS CATALYSTS, LLC et al. v.
BANK OF THE OZARKS.

MILLER, Judge.

Bank of the Ozarks (the "Bank"), as successor to the original lender, pursued an action to recover the outstanding balance on a promissory note guaranteed by Charles Merrill, III, Lee D. Gaskins, III, and Eric Fitchner (the "Guarantors").[1] The Bank moved for summary judgment, which the trial court granted. On appeal, the Guarantors contend that the trial court erred in granting the Bank's motion for summary judgment because the Bank failed to show that a supporting affidavit and the attached documents were admissible as business records, and that the attached

---

[1] The complaint also named as a defendant Angel Business Catalysts, LLC, which had executed the underlying note. The Bank received a default judgment against Angel Business Catalysts. The Guarantors do not challenge the entry of the default judgment against Angel Business Catalysts.

documents did not establish the amounts they owed. For the reasons set forth below, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant. " (Citation and punctuation omitted.) *Kensington Partners v. Beal Bank Nevada*, 311 Ga. App. 196 (715 SE2d 491) (2011).

So viewed, the evidence shows that on October 4, 2006, Angel Business Catalysts executed a promissory note in favor of Unity National Bank ("Unity"), in the principal sum of $440,943. The Guarantors executed individual guarantees of the note. In March 2010, after Angel Business Catalysts failed to meet its repayment obligations under the note, Unity filed suit against Angel Business Catalysts and the Guarantors to recover the outstanding balance on the note. Unity was subsequently closed, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for Unity.

Through a purchase agreement, FDIC assigned its interest in the note, the individual guarantees, and other related loan agreements to the Bank. The Bank was subsequently substituted as the party plaintiff. Thereafter, the Bank moved for

summary judgment. In support of its summary judgment motion, the Bank submitted the affidavit of its special assets manager, which set forth the parties' contracts, debt obligations, and amounts due. Following a hearing, the trial court granted the Bank's motion.

1. The Guarantors contend that the trial court erred in granting the Bank's motion for summary judgment because the Bank failed to show that the affidavit and the attached documents were admissible as business records . We disagree.

> Creating an exception to the hearsay rule, the Business Records Act provides:

> Any writing or record . . . made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter.

(Punctuation omitted.) OCGA § 24-3-14 (b).

> However, before such a writing or record is admissible, a foundation must be laid through the testimony of a witness who is familiar with the method of keeping records and who can testify thereto and to facts which show that the entry was made in the regular course of a business at the time of the event or within a reasonable time thereafter.

(Footnote omitted.) *Ishak v. First Flag Bank*, 283 Ga. App. 517, 519 (642 SE2d 143) (2007). "A trial court's decision to admit evidence as an exception to the hearsay rule will not be disturbed absent an abuse of discretion." (Footnote omitted.) Id.

Here, the Bank's special assets manager, who previously held the same position for Unity, averred that he was the custodian of records for the Bank; that the business records relating to the note were transferred and delivered to the Bank from the FDIC as the receiver for Unity; that these documents included the original note and individual guaranties; that the records were obtained in the regular course of business; and that the Bank relied upon information provided by the FDIC regarding the payment history of the note. Although the Guarantors claimed that any documents transferred to the Bank were inadmissible since the special assets manager failed to state that he had personal knowledge as to how the documents were prepared and maintained by Unity,[2] "where routine, factual documents made by one business are

---

[2] Contrary to the Guarantors' claim, this Court's decision in *Arrow Financial Svcs.v. Wright*, 311 Ga. App. 319 (715 SE2d 725) (2011), does not squarely support their argument that the Bank's affidavit was inadmissible since the affiant did not state that he had personal knowledge of the manner in which Unity's documents were created. In *Arrow*, the trial court found that the witness did not have the requisite personal knowledge to authorize admission of documents sent from the original lender to the assignee regarding the debt's origins. *Arrow*, supra, 311 Ga. App. at 319-320. Although the assignee appealed the trial court's ruling, this Court did not reach the issue of whether the trial court erred by excluding the documents as

4

transmitted and delivered to a second business and there entered in the regular course of business of the receiving business, such documents are admissible under OCGA § 24-3-14 (b)." (Footnote and punctuation omitted.) *Boyd v. Calvary Portfolio Svcs.*, 285 Ga. App. 390, 391 (1) (646 SE2d 496) (2007). Interpreting and applying OCGA § 24-3-14 (b) liberally,[3] we hold that the Bank established that the affidavit and attached exhibits were admissible as business records. See id. at 391-392 (1) (business documents attached to affidavit, which stated that the business acquired documents through purchase in regular course of its business, were admissible); *Walter R. Thomas Assoc. v. Media Dynamite*, 284 Ga. App. 413, 416 (1) (a) (643 SE2d 883) (2007) (invoices sent to company can be considered the company's business record if kept in the ordinary course of business, notwithstanding absence of testimony from a representative who prepared the invoice, since the company's president testimony was sufficient to lay foundation). Consequently, the trial court did not abuse its discretion in admitting these documents pursuant to the Business Records Act.

---

business records. Id. at 322 (1).

[3]"[T]he General Assembly has instructed that the Business Records Act 'shall be liberally interpreted and applied.'" (Footnote and punctuation omitted.) *Ishak*, supra, 283 Ga. App. at 519; see also OCGA § 24-3-14 (d).

2. The Guarantors next contend that the documents attached to the affidavit did not establish the debts owed by each individual. Their contention is without merit.

By using an affidavit to establish the balance due on an agreement, the Bank was "required to attach to the affidavit copies of the records relied upon and referred to therein that were pertinent to [the Guarantors'] debt." (Footnote and punctuation omitted.) *Melman v. FIA Card Svs.*, 312 Ga. App. 270, 272-273 (2) (718 SE2d 107) (2011).

Here, the special assets manager's affidavit referred to payoff statements listing the total amount owed by each of the Guarantors. These payoff statements, which were attached as exhibits to the affidavit, qualified as business records since the special assets manger testified that he had personal knowledge that the statements were made in the regular course of the Bank's business. Cf. *Ishak*, supra, 283 Ga. App. at 519 (loan history report admissible as a business record where bank president averred that, based upon his personal knowledge, the report was maintained in the ordinary course of business); *Wickes Lumber v. Energy Efficient Homes*, 157 Ga. App. 303, 303 (1) (277 SE2d 298) (1981) (summary account statement was admissible where company's accounts receivable clerk identified it as a business record).

> [Since] the [payoff statements] conform[ed] to the provisions of the [Business Records Act], they themselves stand as a witness of the correctness of the account and ma[d]e a prima facie case which shift[ed] the burden of proof to the defendant debtor to show the items contained in the records, or some of them, [were] not correct.

(Footnote and punctuation omitted.) *Melman*, supra, 312 Ga. App. at 273-274 (2); cf. *Kensington*, supra, 311 Ga. App. at 198-199 (3) (affidavits which provided that bank received loan and related documents, including guaranties, from FDIC in normal course of business, and which attached as an exhibit the loan payment history, were sufficient to set forth debt and interest due).

Once the Bank made its prima facie case of their entitlement to recover against the Guarantors, the burden then shifted to the Guarantors to "come forward with rebuttal evidence. To do so, the [Guarantors] must set forth specific facts showing the existence of a genuine issue of disputed fact." (Citations and punctuation omitted.) *Dawson Pointe, LLC v. SunTrust Bank*, 312 Ga. App. 338 (718 SE2d 570) (2011). The Guarantors, who admitted guaranteeing a certain amount, presented no evidence that the items contained in the payoff statement were incorrect, or that there was a genuine issue to be tried. Since the Guarantor's failure to come forward with evidence to create a genuine issue of material fact as to the amount of debts owed, the trial court properly granted summary judgment to the Bank. Cf. *Melman*, supra, 312 Ga.

7

App. at 273-274 (2) (summary judgment properly awarded to creditor when debtor failed to introduce evidence rebutting creditor's affidavit and an attached business record establishing debt owed); *Kensington*, supra, 311 Ga. App. at 199 (3) (summary judgment properly awarded to creditor where debtor presented no evidence contradicting affidavits and business records that established debt owed); *Gerben v. Beneficial Ga.*, 283 Ga. App. 740, 742-743 (642 SE2d 405) (2007) (affidavit and documents named in affidavit and included in record were sufficient evidence to support creditor's motion for summary judgment).

*Judgment affirmed. Mikell, P. J., and Blackwell, J., concur*.